UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Sean A. Gilmore,	Case No. 3:16-cv-01975

    Plaintiff

v.	MEMORANDUM OPINION
    AND ORDER

Officer Bush, et al.,

    Defendants


### BACKGROUND AND HISTORY

*Pro se* Plaintiff Sean A. Gilmore filed this action under 42 U.S.C. § 1983 against Lucas County Jail Officer Bush, Sergeant John Doe, and Head Nurses John and Jane Doe. In his Complaint, Plaintiff contends he slipped and fell on a wet, freshly-mopped floor in his dorm area. He states he injured his back, neck, shoulder, and jaw. He asserts the Defendants were negligent in failing to place safety cones around the wet floor to warn inmates that it posed a hazard, and this violated his right to be free from cruel and unusual punishment. He states that falling on the floor was embarrassing and asserts a claim for intentional infliction of emotional distress. He further contends, without explanation, that he was denied medical care and was denied due process when Bush would not give him grievance forms. He seeks $50,000.00 from each Defendant for physical and emotional injuries, and $20,000.00 against each Defendant for punitive damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

The Eighth Amendment prohibition on cruel and unusual punishment protects convicted prisoners from the "unnecessary and wanton infliction of pain." *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they fall under the Due Process Clause of the Fourteenth Amendment

2

rather than the Eighth Amendment, are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). *See Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (1992).

Routine discomforts of prison life do not suffice. *Id.* Only serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Second, a Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's claim does not meet either the objective or subjective criteria. First, Plaintiff gives no information about the incident. He states he slipped and fell on a wet floor that was freshly mopped. A wet floor, alone, does not constitute a serious health threat or extreme condition of confinement. Furthermore, Plaintiff contends the Defendants were negligent in not properly placing hazard cones around the wet floor area. To satisfy the subjective criteria, Plaintiff must demonstrate that the Defendants acted with a sufficiently culpable state of mind. Negligence claims do not rise to the level of a constitutional violation. Plaintiff has not stated a claim for cruel and unusual punishment under the Fourteenth Amendment.

Furthermore, Plaintiff contends he was denied due process when Officer Bush would not give him grievance forms. To establish a procedural due process violation, Plaintiff must prove that :(1) he was deprived of a liberty or property interest, and (2) the procedures afforded to protect that interest were insufficient. *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no constitutionally protected liberty or property interest in an effective prison or jail grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Michigan Dept. of Corrections*, No. 04–1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005).

Plaintiff's remaining claims arise, if at all, under state tort law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). I, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, I decline jurisdiction to hear Plaintiff's state law claims.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). An appeal of this decision cannot be taken in good faith. This case is closed.

So Ordered.

        s/ Jeffrey J. Helmick
        United States District Judge